UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FCCI COMMERCIAL INSURANCE COMPANY,**

    **Plaintiff,**

v.                                      Case No.  8:12-cv-1240-T-30EAJ

**JAMES A. ARMOUR, 4449 HOLDINGS, LLC, WINDEMULLER TECHNICAL SERVICES, INC., HORIZON CONSTRUCTION SERVICES, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Windemuller Technical Services, Inc.'s Dispositive Motion to Dismiss (Dkt. 15), Defendants James A. Armour and 4449 Holdings, LLC's Motion to Dismiss (Dkt. 17), and Plaintiff FCCI Commercial Insurance Company's Responses in opposition (Dkts. 18 & 20).  The Court, having reviewed the motions, responses, and being otherwise advised of the premises, concludes that this action should be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

This is a declaratory judgment action filed by Plaintiff FCCI Commercial Insurance Company ("FCCI") against Defendants Horizon Construction Services, Inc. ("Horizon" or the "Debtor"), Windemuller Technical Services, Inc. ("Windemuller"), and James A. Armour

and 4449 Holdings, LLC (collectively "Armour") to resolve FCCI's duty to defend and/or indemnify them with respect to insurance policies it issued to Horizon and Windemuller.

Armour is the owner of a large, single-family home located at 4449 Bay Shore Road, Sarasota, Florida (the "Property"). Numerous subcontractors were used to build the Property, including Horizon and Windemuller.

On December 4, 2009, Armour initiated an arbitration proceeding against the seller of the Property, Howard A. Jacobs. The AAA Arbitration was commenced, and is proceeding in Sarasota, Florida. Through the AAA Arbitration, Armour has sought to recover damages from Jacobs for, among other things, Jacobs' deliberate and negligent misrepresentations with respect to, and deficient construction of, the Property that Jacobs sold to Armour.

On January 4, 2011, Armour filed a state court action in the Circuit Court of the Twelfth Judicial Circuit for Sarasota County, Florida against the engineers and subcontractors who helped facilitate, and bear independent culpability for, the deficient construction, which resulted in extensive damages to the Property (the "Armour suit"). Among the fifteen defendants named in the Armour suit are subcontractors Horizon and Windemuller.

On March 22, 2011, Horizon petitioned for Chapter 7 bankruptcy protection.

Subsequently, the bankruptcy stay was lifted to allow the Armour suit to proceed against Horizon, but only to the extent of any applicable insurance.

On June 4, 2012, FCCI filed the instant declaratory judgment action. Although it acknowledges that the parties to this action are not diverse, FCCI alleges subject matter jurisdiction under 28 U.S.C. § 1334(b).

On July 26, 2012, FCCI filed a motion for relief from the automatic stay before the bankruptcy court. (Case 8:11-bk-05074-KRM; Dkt. 42). FCCI argued that lifting the stay to pursue this action would not cause any harm to the Debtor because FCCI seeks to lift the stay for the limited purpose of obtaining declaratory judgment with regards to the issue of insurance coverage. FCCI stated that Horizon "will not incur any expense associated with the Declaratory Judgment. Horizon need not answer the Declaratory Judgment Complaint. No monetary damages are sought in the declaratory judgment action." FCCI represented that the only relief it was seeking in the instant action is a declaration of FCCI's obligation to defend/indemnify Horizon. Notably, FCCI stated:

> If there is a duty to defend, FCCI will continue to do so at no cost to the Debtor. If there is no duty to defend, Horizon need present no defense because the stay in the Armour case was lifted only to the extent of insurance. If there is a duty to indemnify, FCCI will pay up to its policy limits. If there is no duty to indemnify, Horizon will have no obligation to pay any claim because the plaintiffs in the Armour case filed no Proof of Claim in this Court and their claims are barred.

*Id.*

FCCI also stated that lifting the stay would have no effect on the interests of Horizon's Chapter 7 creditors and "regardless of the outcome of the Declaratory Judgment action, the Armour plaintiffs have no access to any other asset of the Debtor's estate and the Creditors will not have to share any of the Debtor's estate with the Armour plaintiffs." *Id.*

Armour and Windemuller move to dismiss this action based, in substantial part, on the argument that the Court lacks subject matter jurisdiction because this action is not related to Horizon's bankruptcy action. They also argue, in the alternative, that even if the Court has jurisdiction under section 1334(b), the Court should permissively abstain from this action.

## DISCUSSION

### I.  Subject Matter Jurisdiction

Federal district courts have subject matter jurisdiction of Title 11 bankruptcy cases pursuant to 28 U.S.C. § 1334. That statute also confers upon the district courts jurisdiction of "all civil proceedings arising under Title 11, or arising in or *related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

FCCI argues that this Court has jurisdiction because this case is related to Horizon's bankruptcy proceeding. The test for determining whether a civil proceeding is related to bankruptcy to confer federal jurisdiction on the district court is:

> whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action and which in any way impacts upon the handling and administration of the bankrupt estate.

*Matter of Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir.1990).

Under the facts of this case, the Court agrees with Windemuller and Armour that subject matter jurisdiction is lacking because FCCI's declaratory judgment action is not related to Horizon's bankruptcy. First, FCCI's claims with respect to coverage as they relate

to Windemuller have nothing to do with Horizon's bankruptcy. Indeed, Windemuller and Horizon are different subcontractors, they performed different work on the Property, Windemuller has not declared bankruptcy, and Horizon's bankruptcy action does not relate to Windemuller in any way.

Second, with respect to the remaining Defendants, although FCCI is correct that the insurance policies it issued to Horizon are property of the estate, FCCI's motion for relief from the automatic stay contradicts any argument that the outcome of this proceeding will have any effect on Horizon's bankruptcy. As stated above, the relief from stay was granted to Armour solely as to the issue of insurance coverage; Armour cannot pursue damages against Horizon regardless of the outcome of the Armour suit because the Armour plaintiffs did not file a proof of claim in the bankruptcy proceeding. Moreover, FCCI represented in its motion for relief from stay that it is not seeking any damages in this proceeding and the outcome of this proceeding will have no effect on the bankruptcy proceeding because FCCI is seeking only a declaration as to its coverage obligations under the relevant insurance policies. In other words, regardless of the outcome of this proceeding, Horizon will not be impacted financially, the administration of the estate will not be affected, and the creditors will not be impacted.

In sum, this proceeding is not related to the bankruptcy action because, under the facts of this case, the outcome cannot alter Horizon's rights, liabilities, options, or freedom of action, and will not impact the handling and administration of the bankruptcy estate.

Accordingly, this Court does not have subject matter jurisdiction over this action under section 1334(b) and this case must be dismissed.

## II. Permissive Abstention

Assuming, for the sake of argument, that this action is related to the bankruptcy proceeding under section 1334(b), the Court concludes that it should abstain from exercising jurisdiction over these proceedings under the permissive abstention provision of section 1334. Specifically, section 1334(c)(1) provides: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Federal courts consider the following factors to guide their decision to permissively abstain under section 1334(c):

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.

*In re United Container LLC*, 284 B.R. 162, 175-78 (Bkrtcy. S.D. Fla. 2002).

A consideration of these factors weighs in favor of abstention. First, abstention will not impact the bankruptcy proceeding. To the contrary, a decision by this Court to bind Horizon's bankruptcy to FCCI's unrelated federal declaratory action would needlessly complicate and prolong the administration of Horizon's estate. Second, FCCI's declaratory claims involve purely state law. Third, Florida insurance law can be difficult and is not necessarily settled with respect to the issue of what constitutes "other property" damage. Fourth, the Armour suit, in which Horizon and Windemuller are named defendants, is currently pending in Sarasota County. Although FCCI is not a party to the Armour suit, FCCI could move to intervene in that suit to assert its coverage claims or it could file a new action in Sarasota County and move to transfer the new action to the same court that is determining the Armour suit. Fifth, apart from FCCI's purported "related to" jurisdictional basis, no other basis for federal subject matter jurisdiction exists. Finally, with respect to the remaining factors, FCCI's declaratory claims do not relate to Horizon's estate and would entangle and inconvenience non-debtor parties, such as Armour and Windemuller by, among other things, simultaneously subjecting those non-debtor parties to litigation in another forum.

In sum, even if this Court were to conclude that it had federal subject matter jurisdiction under section 1334(b)'s "related to" provision, section 1334(c)'s permissive abstention doctrine justifies abstention.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Windemuller Technical Services, Inc.'s Dispositive Motion to Dismiss (Dkt. 15) and Defendants James A. Armour and 4449 Holdings, LLC's Motion to Dismiss (Dkt. 17) are hereby GRANTED for the reasons stated herein.

2. This action is dismissed without prejudice.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1240.mts15&17.frm